TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:       213.430.3409

Attorneys for Plaintiffs,
Facebook, Inc. and Instagram, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation and INSTAGRAM, LLC, a Delaware limited liability company,<br><br>                Plaintiffs,<br><br>        v.<br><br>9 XIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD. a/k/a JIUXIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD.;<br>9 XIU FEISHU SCIENCE AND TECHNOLOGY COMPANY LTD.;<br>9 XIUFEI BOOK TECHNOLOGY CO., LTD.;<br>HOME NETWORK (FUJIAN) TECHNOLOGY CO., LTD.;<br>WEI GAO a/k/a GAO WEI;<br>ZHAOCHUN LIU a/k/a/ LIU ZHAOCHUN; and<br>ZHAOPING LIU a/k/a LIU ZHAOPING,<br><br>                Defendants. | Case No. 4:19-cv-1167-JST<br><br>**PLAINTIFFS' THIRD MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE [L.R. 6-1(B)]**<br><br>CURRENT DATE:    December 17, 2019<br>PROPOSED DATE:   March 17, 2020<br><br>TIME:        2:00 p.m.<br>CTRM:       Oakland – 6 – 2nd Floor<br><br>Hon. Jon S. Tigar |

## I. NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Facebook, Inc. ("Facebook") and Instagram, LLC ("Instagram," and collectively with Facebook, "Plaintiffs") hereby move this Court for an order continuing the case management conference by approximately three months from December 17, 2019, to March 17, 2020. The basis for this motion is that each of the Defendants resides in the People's Republic of China, and while Plaintiffs have initiated the process to serve Defendants through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Service Convention"), Plaintiffs do not expect service to be completed until two years have passed, possibly longer. Because none of the Defendants has been served with process or appeared in the action, Plaintiffs have not been able to, and will not be able to, meet and confer with Defendants as required in advance of the case management conference. As a result, any ADR submissions or Rule 26(f) report would be submitted unilaterally by Plaintiffs. Moreover, because Plaintiffs understand that Defendants have actual notice of this action, Plaintiffs have informed Defendants that they intend to move for default judgment under Article 15 of the Hague Service Convention, which allows for such motions after six months have passed since service was initiated.

In view of the parties' inability to meet and confer and in view of Plaintiffs' forthcoming motion for default judgment, Plaintiffs seek relief in the form of an order continuing the case management conference by approximately three months from December 17, 2019, to March 17, 2020.

Plaintiffs have been unable to meet and confer with Defendants in an effort to obtain a stipulation for the relief sought in this motion because none of them has yet appeared in this action. Entering into a stipulation would require one or more of the Defendants to make a special appearance solely for that purpose before that Defendant has even been served with process. Still, Plaintiffs' attorneys have contacted Defendants by email requesting that they stipulate to an extension. This is the third request for the extension of any deadline in this action, with the Court having twice before continued the case management conference for similar reasons to those laid out in this motion. Dkt. 21-22, 24-25. Plaintiffs believe that the extension will have a minimal impact on the schedule for this case given that no

1

scheduling order has yet been entered. Declaration of David J. Steele ("Steele Decl.") ¶¶ 3-6, 8-9 & Exs. 1, 4-6.

## II. INTRODUCTION AND STATEMENT OF FACTS.

Defendants 9 Xiu Network (Shenzhen) Science and Technology Co., Ltd. a/k/a Jiuxiu Network (Shenzhen) Science and Technology Co., Ltd., 9 Xiu Feishu Science and Technology Company Ltd., 9 Xiufei Book Technology Co., Ltd., Home Network (Fujian) Technology Co., Ltd., Wei Gao a/k/a Gao Wei, Zhaochun Liu a/k/a Liu Zhaochun, and Zhaoping Liu a/k/a Liu Zhaoping (collectively, "Defendants"), operate a series of websites promoting the sale of fake accounts (*e.g.*, using fake names or other false identifiers) and inauthentic accounts (*e.g.*, accounts used for inauthentic activity). These activities are a violation of both the Terms of Use and Terms of Service for Facebook and Instagram. Moreover, Defendants have been engaging in both trademark and service mark infringement as well as cybersquatting. Plaintiffs filed this action to stop Defendants' illegal activities.

Shortly after this action was filed, the lawsuit received a great deal of attention from the Chinese media. Steele Decl. ¶ 5 & Ex. 2. Presumably in response to this reporting, Defendants took down each of the infringing websites and domain names, indicating that Defendants were aware of this action, its allegations, and the specific websites and domain names at issue. *Id.* ¶ 6.

Upon filing this action, Plaintiffs sought to have all of the case initiating documents translated into Chinese so that they could be served via the Hague Service Convention. *Id.* ¶ 2. Unfortunately, service via the Hague Service Convention is expected to take up to two years, if not longer. Declaration of Celeste Ingalls ("Ingalls Decl.") ¶ 11. In an effort to expedite this process, Plaintiffs' attorneys sent Defendants courtesy copies of the pertinent filings in this action both by hand delivery and by email. Steele Decl. ¶ 3 & Ex. 1. In conjunction with sending these courtesy copies, Plaintiffs' attorneys also requested in writing that Defendants either conduct the mandatory ADR and Rule 26(f) conferences as required by this Court's order setting a case management conference and related deadlines, or that in the alternative, Defendants stipulate to continue the initial case management conference. *Id.* ¶ 4 & Ex. 1.

In response, an individual purporting to represent Defendant 9 Xiu Network Technology (Shenzhen) Co., Ltd. contacted Plaintiffs' counsel on May 29, 2019 requesting the opportunity to discuss the merits of this action. *Id.* ¶ 7 & Ex. 3. In response, Plaintiffs prepared and sent an August 21, 2019

email in Chinese requesting that Defendants (a) execute service or process waiver forms, (b) meet and confer concerning ADR selection and the topics listed in Rule 26(f) or in the alternative stipulate to continue the Case Management Conference, and (c) arrange a time to discuss the merits of the case. *Id.* ¶ 8 & Exs. 4-5. Plaintiffs received a response on August 25, 2019, but that response did not address any of the topics listed above. *Id.* ¶ 10. Further communications have been similarly unsuccessful. *Id.*

Due to the requirement that the parties collaboratively participate in the ADR selection process and the Rule 26(f) conference before the December 17, 2019 case management conference, and due to the impossibility of doing so under the current circumstances, Plaintiffs respectfully request that the Court continue to conference by approximately three months until March 17, 2020. At that time, Plaintiffs are hopeful that Defendants will have engaged in the meet and confer process and, if not, Plaintiffs expect to have their motion for default judgment on file at that time.

## III.   CONTINUING THE CASE MANAGEMENT CONFERENCE IS WARRANTED.

### A.   Plaintiffs cannot effect service of process before the current case management conference deadline despite their diligence.

Each of the Defendants resides in China. Absent a Court order, defendants in a foreign country should generally be served with process "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Service Convention . . . ." Fed. R. Civ. P. 4(f)(1). China is a signatory to the Hague Service Convention; however, China has formally objected to service within its territory by means other than through China's designated central authority ("Central Authority for China"). Ingalls Decl. ¶¶ 5, 7-8. It will take up to twenty-four months for service through the Central Authority for China and it will take another one to five months for the proofs of service to be returned. Ingalls Decl. ¶¶ 11-13. Therefore, it has become apparent that service will not be effected prior to the current deadlines.

Notwithstanding the hurdles presented by serving Defendants through the Hague Service Convention, Plaintiffs understand that Defendants have actual notice of this action, and Plaintiffs have also been diligent about providing notice to Defendants through alternate, unofficial means. Shortly after this action was filed, it was reported by numerous Chinese media outlets. *Id.* ¶ 5 & Ex. 2. Apparently in response this media attention, Defendants took down each of the websites accessible at the accused domain

names, thus indicating that they are aware Defendants having been given of this lawsuit and its subject matter. *Id.* ¶ 6.

In addition to notice of this action via the Chinese media, Plaintiffs have had copies of all documents in this action hand delivered to the registered address for Defendant 9 Xiu Network Technology (Shenzhen) Co., Ltd.,[1] together with a cover letter explaining that the delivery does not constitute official service, requesting that each of the Defendants execute a waiver of service of the summons and complaint pursuant to F. R. Civ. P. 4(d), and requesting that the Defendants meet and confer in advance of the case management conference. Steele Decl. ¶¶ 3-4. Plaintiffs have also sent these same documents and requests to Defendants by email. *Id.*

On May 29, 2019, Plaintiffs' counsel received an email from an individual purporting to be a representative of Defendant 9 Xiu (Shenzhen) Network Technology Co., Ltd. *Id.* ¶ 7 & Ex. 3. Plaintiffs' counsel and this individual have exchanged additional correspondence in Chinese, with Plaintiffs' counsel requesting that Defendant meet and confer or stipulate to continue the case management conference. *Id.* ¶ 8 & Exs. 4-5. Counsel also requested that Defendant 9 Xiu Network (Shenzhen) Technology Co., Ltd waive service of process. *Id.* Plaintiffs received a response, but that response did not address the subject of this motion. *Id.* ¶10 & Exs. 7-8.

Plaintiffs' counsel also requested by email that the remaining Defendants stipulate to continue the case management conference. *Id.* ¶ 9 & Ex. 6. Plaintiffs' counsel has received no response to date. *Id.* ¶ 11.

### B.   The parties and the Court will be best served by complete participation by all parties in the case management conference.

As the Court is well aware, the parties are required to discuss and attempt to stipulate to an ADR option in advance of the case management conference. The parties are also required to conduct their Rule 26(f) conference, during which time they would prepare a discovery plan, discuss means of evidence

---

[1] Plaintiffs are informed and believe that each individual defendant (*i.e.*, non-corporate persons) owns, formerly owned, or works at Defendant 9 Xiu Network Technology (Shenzhen) Co., Ltd. Accordingly, hand delivery of case related documents to this company's office is reasonably calculated to reach each of the defendants in this action.

4

preservation, determine any anticipated motions, seek to narrow the issues presented in the action, discuss settlement, and develop a proposed schedule for the Court's review. Because Defendants have not accepted service to date, and therefore presumably will not substantively engage until service through the Hague Service Convention is complete, Plaintiffs cannot discuss any of these matters with Defendants. In many ways, this defeats the purpose of the conference as it does not allow the parties to limit any potential disagreements and then bring them to the Court's attention. *See* Fed. R. Civ. P. 26(f) (listing areas for the parties to attempt to reach an agreement); Fed. R. Civ. P. 1 (explaining that rules should be construed and administered to secure just, speedy, and inexpensive determination of action).

Moreover, because Plaintiffs intend to move for default judgment against Defendants pursuant to Article 15 of the Hague Service Convention, judicial economy will be best served by postponing the case management conference until after that motion has been heard.

## IV.   CONCLUSION

Despite their best efforts, Plaintiffs have been unable to secure Defendants' participation in the required conferences that precede the case management conference, and Plaintiffs therefore respectfully request that the Court continue to conference to March 17, 2020.

DATED: November 26, 2019                                   Tucker Ellis LLP


By: /s/David J. Steele
    David J. Steele
    Howard A. Kroll
    Steven E. Lauridsen

    Attorneys for Plaintiffs,
    Facebook, Inc. and
    Instagram, LLC

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **November 26, 2019,** I served the following: **PLAINTIFFS' THIRD MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE [L.R. 6-1(B)]** on the interested parties in this action as follows:

**9 Xiu Network (Shenzhen) Tech. Co., Ltd. a/k/a Jiuxiu Network (Shenzhen) Tech. Co., Ltd.**
**9 Xiu Feishu Science and Tech. Co., Ltd.**
**9 Xiufei Book Technology Co., Ltd.**
**Home Network (Fujian) Tech. Co., Ltd.**
**Wei Gao a/k/a Gao Wei**
No. 112, Shanghai V Gu, 1 Hao Chengshi Yongxian Road, Maantang Community, Bantian Street, Longgand District, Shenzhen
Email: 262740299@qq.com
493661190@qq.com
793661190@qq.com
geeai@qq.com
zubin878@foxmail.com

**Zhaochun Liu a/k/a Liu Zhaochun**
1002C, 10th Floor, Build A, Haide Building, Nan Xin Road Xiang Nan,
Nan Shan Street, Nanshan District, Shenzhen
Email: Anly2016@qq.com
416257666@qq.com
32687976006@qq.com

**Zhaoping Liu a/k/a Liu Zhaoping**
1002C, 10th Floor, Build A, Haide Building, Nan Xin Road Xiang Nan,
Nan Shan Street, Nanshan District, Shenzhen
Email: 416257666@qq.com
3200369367@qq.com

### DEFENDANTS

(X) **BY EMAIL:** the above-entitled document to be served electronically by email.

(X) **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X) **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **November 26, 2019**, at Los Angeles, California.

*Deborah DeLuna*