1  TUCKER ELLIS LLP
   David J. Steele SBN 209797
2  david.steele@tuckerellis.com
   Howard A. Kroll SBN 100981
3  howard.kroll@tuckerellis.com
   Steven E. Lauridsen SBN 246364
4  steven.lauridsen@tuckerellis.com
   515 South Flower Street
5  Forty-Second Floor
   Los Angeles, CA 90071
6  Telephone:      213.430.3400
   Facsimile:      213.430.3409
7
   Attorneys for Plaintiffs,
8  FACEBOOK, INC. and INSTAGRAM, LLC

9               **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11 FACEBOOK, INC. and INSTAGRAM, LLC,    Case No. 4:19-cv-1167-JST

12              Plaintiffs,               **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT 9 XIU**
13         v.                            **NETWORK (SHENZHEN) TECHNOLOGY CO., LTD. THROUGH ALTERNATIVE**
14 9 Xiu NETWORK (SHENZHEN)              **MEANS [FED. R. CIV. P. 4(F)(3)]**
   TECHNOLOGY CO., LTD. a/k/a JIUXIU
15 NETWORK (SHENZHEN) TECHNOLOGY
   CO., LTD.; 9 Xiu FEISHU SCIENCE AND
16 TECHNOLOGY COMPANY LTD.; 9 Xiu FEI    DATE:      July 15, 2020
   BOOK TECHNOLOGY CO., LTD.; HOME       TIME:      2:00 p.m.
17 NETWORK (FUJIAN) TECHNOLOGY CO.,      CTRM:      6 – 2nd Floor
   LTD.; WEI GAO a/k/a GAO WEI; ZHAOCHUN
18 LIU a/k/a/ LIU ZHAOCHUN; and ZHAOPING  Hon. Jon S. Tigar
   LIU a/k/a LIU ZHAOPING,
19
20              Defendants.

21

22

23

24

25

26

27

28

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on July 15, 2020 at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar in Courtroom 6 of this Court located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs Facebook, Inc. and Instagram, LLC (collectively, "Facebook") will, and hereby do, move this Court for an order pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure for leave to serve Defendant 9 Xiu Network (Shenzhen) Technology Co., Ltd. a/k/a Jiuxiu Network (Shenzhen) Technology Co., Ltd. ("9 Xiu") by alternative means—namely, email at the following addresses: geeai@qq.com and xubin878@foxmail.com through which 9 Xiu and Facebook have been corresponding.

As detailed more fully herein, Facebook requested service on Defendant 9 Xiu in its home country of the People's Republic of China ("China") over ten months ago through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention"). Facebook recently received a certificate of attempted service on 9 Xiu from the Ministry of Justice in China that was issued pursuant to the Hague Convention. According to that certificate, the Ministry of Justice in China attempted service on 9 Xiu, but an individual at 9 Xiu's registered address informed the process server that 9 Xiu was not located at that address. Facebook's subsequent investigations reveal, however, that the Defendant 9 Xiu is located at the service address and it appears that 9 Xiu was evading service of process.  Additionally, Facebook's counsel have been in direct contact with Defendant 9 Xiu, and as a result, 9 Xiu is both fully aware of this lawsuit and possesses all of the pertinent filings in this action. Under these circumstances, service through alternative means is warranted.

This motion is based upon this notice, the attached memorandum of points and authorities, the concurrently-filed Declaration of Mai Ming Hui, the previously-filed Declarations of David J. Steele and Celeste Ingalls, all pleadings and papers on file, and upon such oral argument as may be made at the hearing on this motion.

DATED: June 10, 2020                          Tucker Ellis LLP


                                   By:  /s/David J. Steele
                                        David J. Steele
                                        Attorneys for Plaintiffs,
                                        FACEBOOK, INC. and INSTAGRAM, LLC

MOTION TO SERVE DEFENDANT THROUGH ALTERNATIVE MEANS
CASE NO. 4:19-CV-1167-JST

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs Facebook, Inc. and Instagram, LLC (collectively, "Facebook") are moving for leave to serve Defendant 9 Xiu by email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Facebook originally sought to have 9 Xiu served through the Hague Convention. However, when service was attempted by the Chinese Ministry of Justice, 9 Xiu successfully evaded service when a receptionist claimed that 9 Xiu no longer operated from the service address. A subsequent investigation by Facebook's counsel in China indicated 9 Xiu still conducts business at this address.

Despite Facebook's inability to effect service via the Hague Convention, 9 Xiu has been aware of this lawsuit since it was filed. In fact, 9 Xiu has repeatedly corresponded by email with Facebook's attorneys in attempt to resolve this action without accepting service or entering an appearance.

Service by email is reasonably calculated to give 9 Xiu notice of this action and the need to defend itself given that the parties have been discussing the litigation by email. Moreover, service on 9 Xiu by email is not prohibited under any international agreement and has been expressly allowed in other cases. Facebook's motion for leave to serve 9 Xiu by email should therefore be granted.

### II.   STATEMENT OF FACTS

9 Xiu and its co-defendants in this action operate a series of websites promoting the sale of fake accounts (*e.g.*, using fake names or other false identifiers) and inauthentic accounts (*e.g.*, accounts used for inauthentic activity), and as a result, Defendants have been engaging in both trademark and service mark infringement as well as cybersquatting. Plaintiffs filed this action on March 1, 2020 to stop Defendants' illegal activities. ECF No. 1.

Shortly after this action was filed, the lawsuit received a great deal of attention from the Chinese media. Declaration of David. J. Steele in support of Motion for Default ("Steele Decl.") ¶ 4 & Ex. 2 (ECF No. 35). Almost certainly, in response to this reporting, Defendants took down each of the infringing websites and domain names, indicating that Defendants were aware of this action, its allegations, and the specific websites and domain names at issue. *Id.* ¶ 5.

Promptly after filing this action, Facebook translated all of the case-initiating documents into Chinese so that they could be served via the Hague Convention. Steele Decl. ¶ 2. Facebook hired Celeste

Ingalls, a Hague Convention service expert, to assist in effecting service. *Id.*; Declaration of Celeste Ingalls in Support of Motion for Entry of Default ("Ingalls Decl.") ¶¶ 1-5 (ECF No. 35-2). On May 9, 2019, Ms. Ingalls initiated the service process required by the Hague Convention by sending all required documents to the Ministry of Justice of China, which is the Chinese Central Authority.[1] Ingalls Decl. ¶ 9. Ms. Ingalls received confirmation that the Chinese Central Authority received all required service documents on June 17, 2019. *Id.* ¶ 10 & Ex. 1.

On or about March 5, 2020, Facebook received confirmation from the Chinese Central Authority that it had attempted to serve Defendant 9 Xiu. However, when service was attempted, a receptionist at 9 Xiu's service address stated that 9 Xiu was no longer located at that address. Facebook subsequently retained Chinese counsel to investigate 9 Xiu's business address, only to determine that 9 Xiu was indeed still located at the address at which the Chinese Central Authority attempted service. Steele Decl. ¶¶ 10-11 & Ex. 8; Declaration of Mai Ming Hui ¶¶ 2-6. Thus, it appears that 9 Xiu is attempting to evade service.

In addition to pursuing service under the Hague Convention, Facebook's attorneys sent courtesy copies of the pertinent filings in this action to Defendant 9 Xiu both by hand delivery and by email. Steele Decl. ¶ 3 & Ex. 1. Facebook's attorneys also sent Defendant 9 Xiu a waiver of service of process form and requested that they sign and return it. *Id.* In response, an individual purporting to act on behalf of Defendant 9 Xiu contacted Facebook's counsel on May 29, 2019 requesting the opportunity to discuss the merits of this action. *Id.* ¶ 6 & Ex. 3. Plaintiffs replied by preparing and sending an August 21, 2019 email in Chinese requesting, among other things, that Defendants execute service or process waiver forms and arrange a time to discuss the merits of the case. *Id.* ¶ 7 & Exs. 4-5. Plaintiffs received a response on August 25, 2019, but that response did not substantively address these topics. *Id.* Further communications have been similarly unsuccessful. *Id.* ¶ 8 & Exs. 6-7.

As discussed below, given the fact that 9 Xiu is evading service, but has knowledge of this action and is in possession of the pertinent filings, and given that 9 Xiu has been communicating with Facebook's counsel via email, an order permitting service of process upon 9 Xiu by email is proper, and this motion

---

[1] The Hague Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1  should be granted.

2  **III.   ALTERNATIVE SERVICE OF PROCESS IS WARRANTED HERE.**

3    **A.   Rule 4(f)(3) permits service by email on Chinese defendants.**

4    Rule 4(f)(3) of the Federal Rules of Civil Procedure permits a plaintiff to serve an individual in a

5  foreign county "by other means not prohibited by international agreement, as the court orders."

6  Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) must be directed by the Court and cannot be prohibited

7  by international agreement, such as the Hague Convention. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284

8  F.3d 1007, 1014 (9th Cir. 2002). However, "as long as [it is] court-directed and not prohibited by an

9  international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in

10  contravention of the laws of the foreign country." *Id.*

11    Court-directed service under Rule 4(f)(3) "is as favored as service available under Rule 4(f)(1)

12  [via the Hague Convention] or Rule 4(f)(2)."[2] *Id.* at 1015. Courts have authorized a variety of alternative

13  means of service under Rule 4(f)(3), including publication, ordinary mail, mail to the defendant's last

14  known address, delivery to the defendant's attorney, telex, and email. *Id.* As long as the court-directed

15  method of service of process does not violate international agreement, the Ninth Circuit requires only that

16  the service method "comport with constitutional notions of due process," which requires that the method

17  be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the

18  action and afford them an opportunity to present their objections." *Id.* at 1016.

19    As described above, Facebook has attempted service under the Hague Convention, which

20  "requires each state to establish a central authority to receive requests for service of documents from other

21  countries." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017). When the central authority

22  "receives an appropriate request, it must serve the documents or arrange for their service and then provide

23  a certificate of service." *Id.* (internal citations omitted). However, Article 10 of the Hague Convention

24  also permits service through means such as postal channels or through judicial officers, officials, or other

25

26  ---

27  [2] Significantly, Rule 4(f)(3) stands independently of Rule 4(f)(1); it is not necessary for plaintiffs to first attempt service through "internationally agreed means" before turning to "any other means not prohibited by international agreement." *In Rio Properties*, 284 F.3d at 1014. As discussed herein, however, while not required, Facebook has already attempted service via the Hague Convention pursuant to Rule 4(f)(1).

28

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

persons in the state of destination, provided the destination state does not object. *Id.* Here, however, China has officially objected to Article 10. *In re LDK Solar Securities litigation*, No. 07-05182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. Jun. 12, 2008). As a result, those specific methods of service are prohibited by international agreement and cannot be ordered pursuant to Rule 4(f)(3) with respect to service in China. *Id.*

"Yet China's objection to Article 10 does not prohibit [] email service" ordered by a court. *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019). In fact, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that . . . have objected to the alternative forms of service permitted under Article 10 of the Hague Convention." *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-cv-02460, 2011 WL 2607158, at *12 (N.D. Cal. Jul. 1, 2011); *see also, e.g.*, *S.E.C. v. China Sky One Med. Inc.*, No. 12-cv-07543-MWF, 2013 WL 12314508, at *2 (C.D. Cal. 2013) ("numerous courts have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10"); *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-cv-02883-LHK, 2017 WL 4517103, at *3-4 (N.D. Cal. Oct. 10, 2017) ("China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case"); *Williams–Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email, but not by international mail, for defendants in countries that objected to Article 10 of the Hague Convention); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]."). Thus, this Court may order service by email on Chinese defendants. *Fourte Int'l*, 2019 WL 246562, at *2.

### B. Permitting service by email on 9 Xiu is reasonable.

"Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. *Rio Properties*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Even back in 2002 when email was much less commonly used, the Ninth Circuit determined that service of process by email could be considered reasonably calculated to apprise a defendant of an action and afford it an opportunity to present its objections, particularly where, as a here, the defendant being served "has embraced the modern e-business model . . . ." *Id.* at 1017.

Since 2002, email has become ubiquitous. And here, Defendant 9 Xiu, which operates infringing websites and domain names, has "embraced the e-business model." Additionally, 9 Xiu has communicated with Facebook's attorneys by email on multiple occasions. 9 Xiu is also fully aware of this lawsuit—both from the Chinese media and from its communications with Facebook's attorneys about the case—and 9 Xiu has received from Facebook all pertinent documents filed in this action. Steele Decl. ¶¶ 3-4.

Service of process by email on 9 Xiu is proper because 9 Xiu has demonstrated through its own conduct that email is sufficient to apprise 9 Xiu of this action while providing 9 Xiu an opportunity to respond, and Facebook's motion should therefore be granted.

## IV.    CONCLUSION

Defendant 9 Xiu has evaded service via the Hague Convention at its business address. Service by email in China is not prohibited by the Hague Convention and satisfies due process concerns, and 9 Xiu's conduct indicates not only that 9 Xiu is fully aware of this lawsuit but also that it is able to engage in legal matters via email. Service via email is therefore proper, and Facebook respectfully request that the Court grant this motion.

DATED: June 10, 2020                                    Tucker Ellis LLP


By:  /s/David J. Steele
     David J. Steele
     david.steele@tuckerellis.com
     Attorneys for Plaintiffs,
     FACEBOOK, INC. and INSTAGRAM, LLC

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **June 10, 2020,** I served the following:  **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT 9 Xiu NETWORK (SHENZHEN) TECHNOLOGY CO., LTD. THROUGH ALTERNATIVE MEANS [Fed. R. Civ. P. 4(f)(3)]** on the interested parties in this action as follows:

**9 Xiu Network (Shenzhen) Tech. Co., Ltd. a/k/a Jiuxiu Network (Shenzhen) Tech. Co., Ltd.**
**9 Xiu Feishu Science and Tech. Co., Ltd.**
**9 Xiufei Book Technology Co., Ltd.**
**Home Network (Fujian) Tech. Co., Ltd.**
**Wei Gao a/k/a Gao Wei**
No. 112, Shanghai V Gu, 1 Hao Chengshi
Yongxian Road, Maantang Community,
Bantian Street, Longgand District, Shenzhen
Email: 262740299@qq.com
493661190@qq.com
793661190@qq.com
geeai@qq.com
zubin878@foxmail.com

**Zhaochun Liu a/k/a Liu Zhaochun**
No. 112, Shanghai V Gu, 1 Hao Chengshi
Yongxian Road, Maantang Community,
Bantian Street, Longgand District, Shenzhen
Email: Anly2016@qq.com
416257666@qq.com
32687976006@qq.com
**Zhaoping Liu a/k/a Liu Zhaoping**
No. 112, Shanghai V Gu, 1 Hao Chengshi
Yongxian Road, Maantang Community,
Bantian Street, Longgand District, Shenzhen
Email: 416257666@qq.com
3200369367@qq.com

**DEFENDANTS**

(X)     **BY EMAIL:** the above-entitled document to be served electronically by email.

(X)     **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)     **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 10, 2020**, at Los Angeles, California.

*Deborah DeLuna*
Deborah DeLuna

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis