TUCKER ELLIS LLP
David J. Steele SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:	213.430.3400
Facsimile:	213.430.3409

Attorneys for Plaintiffs,
FACEBOOK, INC. and INSTAGRAM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC. and INSTAGRAM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>9 XIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD. a/k/a JIUXIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD.; 9 XIU FEISHU SCIENCE AND TECHNOLOGY COMPANY LTD.; 9 XIU FEI BOOK TECHNOLOGY CO., LTD.; HOME NETWORK (FUJIAN) TECHNOLOGY CO., LTD.; WEI GAO a/k/a GAO WEI; ZHAOCHUN LIU a/k/a/ LIU ZHAOCHUN; and ZHAOPING LIU a/k/a LIU ZHAOPING,<br><br>Defendants. | Case No. 4:19-cv-1167-JST<br><br>**PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION TO SERVE DEFENDANTS 9 XIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD. AND ZHAOPING LIU THROUGH ALTERNATIVE MEANS [FED. R. CIV. P. 4(F)(3)]**<br><br><br>Presiding: Hon. Jon S. Tigar<br><br>Referral: Hon. Alex G. Tse |

## NOTICE OF AMENDED MOTION AND STATEMENT OF RELIEF SOUGHT

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, Plaintiffs Facebook, Inc. and Instagram, LLC (collectively, "Facebook") hereby amend their previously filed motion (ECF No. 36) for an order pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure for leave to serve Defendant 9 Xiu Network (Shenzhen) Technology Co., Ltd. a/k/a Jiuxiu Network (Shenzhen) Technology Co., Ltd. ("9 Xiu") by alternative means—namely, email at the following addresses: geeai@qq.com and xubin878@foxmail.com through which 9 Xiu and Facebook have been corresponding. Through this amendment, in addition to serving 9 Xiu by alternative means, Facebook also now seeks to serve Defendant ZhaoPing Liu a/k/a Liu ZhaoPing ("Liu") by email at the following address: 3200369367@qq.com, 262740299@qq.com, 493661190@qq.com, anly2016@qq.com, 416257666@qq.com, and 3268796006@qq.com.

As detailed more fully herein, Facebook requested service on Defendants 9 Xiu and Liu in their home country of the People's Republic of China ("China") over one year ago through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention"). Facebook recently received certificates of attempted service on 9 Xiu and Liu from the Ministry of Justice in China that were issued pursuant to the Hague Convention. According to the 9 Xiu certificate, the Ministry of Justice in China attempted service on 9 Xiu, but an individual at 9 Xiu's registered address informed the process server that 9 Xiu was not located at that address. Facebook's subsequent investigations reveal, however, that the Defendant 9 Xiu is located at the service address and it appears that 9 Xiu was evading service of process. Additionally, Facebook's counsel have been in direct contact with Defendant 9 Xiu, and as a result, 9 Xiu is both fully aware of this lawsuit and possesses all of the pertinent filings in this action. Under these circumstances, service through alternative means on Defendant 9 Xiu is warranted.

With respect to Defendant Liu, on June 25, 2020, Facebook's counsel received a certificate of attempted service from the Ministry of Justice in China pursuant to the Hague Convention. Supp. Ingalls Decl. in Support of Motion for Default ¶¶ 5-7 & Ex. 4 (ECF No. 40). Throughout this case, Facebook's attorneys have been sending court papers by email to Defendant Liu's various addresses associated with

the domain names and websites at issue in this action and through which Ms. Liu conducted the business at issue in the complaint. These email addresses are thus reasonably calculated to give Defendant Liu notice of this action, and under these circumstances, service on Defendant Liu through email is warranted.

    This motion is based upon this notice, the attached memorandum of points and authorities; the previously-filed Declarations of Mai Ming Hui, David J. Steele, and Celeste Ingalls; the previously-filed Supplemental Declaration of Celeste Ingalls; all pleadings and papers on file; and upon such oral argument as may be made at the hearing on this motion.

DATED: June 30, 2020                              Tucker Ellis LLP


By:  /s/David J. Steele
     David J. Steele
     Attorneys for Plaintiffs,
     FACEBOOK, INC. and INSTAGRAM, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Facebook, Inc. and Instagram, LLC (collectively, "Facebook") are moving for leave to serve Defendants 9 Xiu and Liu by email pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Facebook originally sought to have 9 Xiu and Liu served through the Hague Convention. However, when service was attempted by the Chinese Ministry of Justice, 9 Xiu successfully evaded service when a receptionist claimed that 9 Xiu no longer operated from the service address. A subsequent investigation by Facebook's counsel in China indicated 9 Xiu still conducts business at this address. Facebook just recently learned that the Chinese Ministry of Justice also sought to serve Defendant Liu, but she purportedly was not present at her physical address either.

Despite Facebook's inability to effect service via the Hague Convention, there is evidence to show 9 Xiu and Liu have been aware of this lawsuit since it was filed. In fact, 9 Xiu has repeatedly corresponded by email with Facebook's attorneys in attempt to resolve this action without accepting service or entering an appearance. Facebook's attorneys have also been serving papers by email on Liu using email addresses understood to be associated with her and 9 Xiu.

Service by email is reasonably calculated to give 9 Xiu notice of this action and the need to defend itself given that Facebook and 9 Xiu have been discussing the litigation by email. Similarly, service by email on Liu is reasonably calculated to give her notice of this action given that the email addresses through which Facebook seeks to attempt service have been connected to the websites through which Liu has been operating. Moreover, service on 9 Xiu and Liu by email is not prohibited under any international agreement and has been expressly allowed in other cases. Facebook's motion for leave to serve 9 Xiu and Liu by email should therefore be granted.

## II. STATEMENT OF FACTS

9 Xiu, Liu, and their co-defendants in this action operate a series of websites promoting the sale of fake accounts (*e.g.*, using fake names or other false identifiers) and inauthentic accounts (*e.g.*, accounts used for inauthentic activity), and as a result, Defendants have been engaging in both trademark and service mark infringement as well as cybersquatting. Plaintiffs filed this action on March 1, 2020 to stop Defendants' illegal activities. ECF No. 1.

Shortly after this action was filed, the lawsuit received a great deal of attention from the Chinese media. Declaration of David. J. Steele in support of Motion for Default ("Steele Decl.") ¶ 4 & Ex. 2 (ECF No. 35). Almost certainly, in response to this reporting, Defendants took down each of the infringing websites and domain names, indicating that Defendants were aware of this action, its allegations, and the specific websites and domain names at issue. *Id.* ¶ 5.

Promptly after filing this action, Facebook translated all of the case-initiating documents into Chinese so that they could be served via the Hague Convention. Steele Decl. ¶ 2. Facebook hired Celeste Ingalls, a Hague Convention service expert, to assist in effecting service. *Id.*; Declaration of Celeste Ingalls in Support of Motion for Entry of Default ("Ingalls Decl.") ¶¶ 1-5 (ECF No. 35-2). On May 9, 2019, Ms. Ingalls initiated the service process required by the Hague Convention by sending all required documents to the Ministry of Justice of China, which is the Chinese Central Authority.[1] Ingalls Decl. ¶ 9. Ms. Ingalls received confirmation that the Chinese Central Authority received all required service documents on June 17, 2019. *Id.* ¶ 10 & Ex. 1.

On or about March 5, 2020, Facebook received confirmation from the Chinese Central Authority that it had attempted to serve Defendant 9 Xiu. However, when service was attempted, a receptionist at 9 Xiu's service address stated that 9 Xiu was no longer located at that address. Facebook subsequently retained Chinese counsel to investigate 9 Xiu's business address, only to determine that 9 Xiu was indeed still located at the address at which the Chinese Central Authority attempted service. Steele Decl. ¶¶ 10-11 & Ex. 8; Declaration of Mai Ming Hui ¶¶ 2-6. Thus, it appears that 9 Xiu is attempting to evade service.

In addition to pursuing service under the Hague Convention, Facebook's attorneys sent courtesy copies of the pertinent filings in this action to Defendant 9 Xiu both by hand delivery and by email. Steele Decl. ¶ 3 & Ex. 1. Facebook's attorneys also sent Defendant 9 Xiu a waiver of service of process form and requested that they sign and return it. *Id.* In response, an individual purporting to act on behalf of Defendant 9 Xiu contacted Facebook's counsel on May 29, 2019 requesting the opportunity to discuss the merits of this action. *Id.* ¶ 6 & Ex. 3. Plaintiffs replied by preparing and sending an August 21, 2019 email

---

[1] The Hague Convention "requires each state to establish a central authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

in Chinese requesting, among other things, that Defendants execute service or process waiver forms and arrange a time to discuss the merits of the case. *Id.* ¶ 7 & Exs. 4-5. Plaintiffs received a response on August 25, 2019, but that response did not substantively address these topics. *Id.* Further communications have been similarly unsuccessful. *Id.* ¶ 8 & Exs. 6-7.

As discussed below, given the fact that 9 Xiu is evading service, but has knowledge of this action and is in possession of the pertinent filings, and given that 9 Xiu has been communicating with Facebook's counsel via email, an order permitting service of process upon 9 Xiu by email is proper, and this motion should be granted.

Similarly, in addition to attempting service via the Hague Convention on Defendant Liu, Facebook's attorneys sent courtesy copies of the pertinent filings in this action to Liu by email[2] via the numerous address associated with her and her co-defendants. *Id.* ¶ 3 & Ex. 1. Thus, like 9 Xiu, Liu has notice of this action and has been in possession of the pertinent filings, even assuming she was not present at her physical service address.

### III. ALTERNATIVE SERVICE OF PROCESS IS WARRANTED HERE.

#### A. Rule 4(f)(3) permits service by email on Chinese defendants.

Rule 4(f)(3) of the Federal Rules of Civil Procedure permits a plaintiff to serve an individual in a foreign county "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) must be directed by the Court and cannot be prohibited by international agreement, such as the Hague Convention. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). However, "as long as [it is] court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.*

Court-directed service under Rule 4(f)(3) "is as favored as service available under Rule 4(f)(1) [via the Hague Convention] or Rule 4(f)(2)."[3] *Id.* at 1015. Courts have authorized a variety of alternative

---

[2] Given Liu's affiliation with 9 Xiu, Facebook also suspects she would have received the hard copy of these papers when they were delivered to 9 Xiu.

[3] Significantly, Rule 4(f)(3) stands independently of Rule 4(f)(1); it is not necessary for plaintiffs to first attempt service through "internationally agreed means" before turning to "any other means not prohibited

means of service under Rule 4(f)(3), including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and email. *Id.* As long as the court-directed method of service of process does not violate international agreement, the Ninth Circuit requires only that the service method "comport with constitutional notions of due process," which requires that the method be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016.

As described above, Facebook has attempted service under the Hague Convention, which "requires each state to establish a central authority to receive requests for service of documents from other countries." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017). When the central authority "receives an appropriate request, it must serve the documents or arrange for their service and then provide a certificate of service." *Id.* (internal citations omitted). However, Article 10 of the Hague Convention also permits service through means such as postal channels or through judicial officers, officials, or other persons in the state of destination, provided the destination state does not object. *Id.* Here, however, China has officially objected to Article 10. *In re LDK Solar Securities litigation*, No. 07-05182 WHA, 2008 WL 2415186, at *2 (N.D. Cal. Jun. 12, 2008). As a result, those specific methods of service are prohibited by international agreement and cannot be ordered pursuant to Rule 4(f)(3) with respect to service in China. *Id.*

"Yet China's objection to Article 10 does not prohibit [] email service" ordered by a court. *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019). In fact, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that . . . have objected to the alternative forms of service permitted under Article 10 of the Hague Convention." *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-cv-02460, 2011 WL 2607158, at *12 (N.D. Cal. Jul. 1, 2011); *see also, e.g.*, *S.E.C. v. China Sky One Med. Inc.*, No. 12-cv-07543-MWF, 2013 WL 12314508, at *2 (C.D. Cal. 2013) ("numerous courts have held that service by e-mail does not violate the Hague Convention, even when

---

by international agreement." *In Rio Properties*, 284 F.3d at 1014. As discussed herein, however, while not required, Facebook has already attempted service via the Hague Convention pursuant to Rule 4(f)(1).

the destination country has objected to service through postal channels under Article 10"); *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, No. 17-cv-02883-LHK, 2017 WL 4517103, at *3-4 (N.D. Cal. Oct. 10, 2017) ("China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case"); *Williams–Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by email, but not by international mail, for defendants in countries that objected to Article 10 of the Hague Convention); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]."). Thus, this Court may order service by email on Chinese defendants. *Fourte Int'l*, 2019 WL 246562, at *2.

### B.   Permitting service by email on 9 Xiu and Liu is reasonable.

"Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. *Rio Properties*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Even back in 2002 when email was much less commonly used, the Ninth Circuit determined that service of process by email could be considered reasonably calculated to apprise a defendant of an action and afford it an opportunity to present its objections, particularly where, as a here, the defendant being served "has embraced the modern e-business model . . . ." *Id.* at 1017.

Since 2002, email has become ubiquitous. And here, Defendant 9 Xiu and Liu, who operate infringing websites and domain names, have "embraced the e-business model." Additionally, 9 Xiu has communicated with Facebook's attorneys by email on multiple occasions. 9 Xiu and Liu are also fully aware of this lawsuit—both from the Chinese media and from their communications with Facebook's attorneys about the case—and 9 Xiu and Liu have received from Facebook all pertinent documents filed in this action. Steele Decl. ¶¶ 3-4.

Service of process by email on 9 Xiu is proper because 9 Xiu has demonstrated through its own conduct that email is sufficient to apprise 9 Xiu of this action while providing 9 Xiu an opportunity to

respond, and Facebook's motion should therefore be granted.

Further, Facebook seeks to serve Liu through multiple email addresses connected to her and her illegal business. As is common with cybercriminals, Liu and her co-defendant have set up a web of email addresses, presumably in an effort to avoid detection; however, the record shows these emails are linked to Defendants generally and to Liu in particular. For instance, Liu is listed as the registrant in the whois records for the domain name 9xiufacebook.cc. Compl. Ex. 12 at p. 3. In addition to seeking to serve her at the email address listed in the whois contact information,[4] Facebook seeks to serve Liu at all email addresses associated with Defendant 9 Xiu given that the webpage previously shown at 9xiufacebook.cc references Defendant 9 Xiu's alias ("Jiu Xiu) at the bottom of the page. *Id.* Ex. 5 at p. 5. Similarly, the webpage previously accessible at 9xiufacebook.net lists the email address 416257666@qq.com as an email through which to contact the company. *Id.* Ex. 6 at p 9. This email is listed as Liu's contact email in the whois data for 9xiufacebook.cc, where she is listed as the registrant. *Id.* Ex. 12 at p. 3. These are but examples of the numerous connections between the various domain names and webpages at issues in this action and their related emails through which Facebook seeks to serve Liu.

Service of process by email on Liu is proper in that Liu has been made aware of this action, she has all pertinent documents in her possession, and Facebook seeks to serve her through email addresses that she has used to conduct her electronic business. Facebook's motion should be granted for this additional reason.

## IV.    CONCLUSION

Defendant 9 Xiu has evaded service via the Hague Convention at its business address. Service by email in China is not prohibited by the Hague Convention and satisfies due process concerns, and 9 Xiu's conduct indicates not only that 9 Xiu is fully aware of this lawsuit but also that it is able to engage in legal matters via email. Liu is also fully aware of this lawsuit and has used email to conduct the activities

---

[4] The last time Facebook's attorneys sent an email to this address, they received a bounce-back message; however, it is not uncommon for cybercriminals, who frequently use multiple email addresses, to temporarily deactivate and then reactive email addresses in an effort to avoid being traced. For this reason, Facebook seeks to serve by all known email addresses, both those that previously resulted in a bounce-back message and those that have not.

complained of in this lawsuit. Service via email is therefore proper, and Facebook respectfully request that the Court grant this motion.

DATED: June 30, 2020                            Tucker Ellis LLP


                                                By: /s/David J. Steele
                                                    David J. Steele
                                                    david.steele@tuckerellis.com
                                                    Attorneys for Plaintiffs,
                                                    FACEBOOK, INC. and INSTAGRAM, LLC