UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACEBOOK, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>9 XIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD., et al.,<br><br>  Defendants. | Case No. 19-cv-01167-JST (AGT)<br><br>**REPORT AND RECOMMENDATION TO GRANT IN PART PLAINTIFFS' RENEWED MOTION TO AUTHORIZE SERVICE BY E-MAIL**<br><br>Re: Dkt. No. 49 |

For the following reasons, the undersigned recommends that Judge Tigar grant in part Facebook's renewed motion to serve defendants 9 Xiu Network (Shenzhen) Technology Co., Ltd., ("9 Xiu") and Zhaoping Liu by e-mail.[1]

1. 9 Xiu's current physical address is unknown. China's Ministry of Justice attempted to serve the company with process but was unsuccessful because it found that 9 Xiu had moved. *See* ECF No. 35-2, Ingalls Decl. ¶ 13(c) & Ex. 2. Facebook initially questioned the Ministry's finding, *see* ECF No. 36-2, Hui Decl. ¶¶ 2–6, but has since confirmed that the Ministry was correct. Facebook sent an attorney to 9 Xiu's address of record, and the attorney found that 9 Xiu's suite had been vacated. *See* ECF No. 49-2, Hui Supp. Decl. ¶ 7 & Ex. 1. 9 Xiu is required to maintain a current physical address in China's SAMR Companies Registry. *See* Supp. Brief, ECF No. 56 at 4 n.4. It hasn't done so. The address on file remains the now abandoned address. *See* Hui Supp. Decl. ¶ 6.

In a supplemental-briefing order, the undersigned questioned whether Facebook had been diligent enough in attempting to obtain 9 Xiu's current address, given that Facebook exchanged e-

---

[1] For background, see ECF No. 45 (recommending denial of Facebook's prior motion to serve 9 Xiu and Zhaoping Liu by e-mail), *adopted*, ECF No. 48, and ECF No. 44 (recommending approval of Facebook's motion for entry of default against defendants Wei Gao and Zhaochun Liu), *adopted*, ECF No. 46. "Facebook" includes Facebook Inc. and Instagram LLC.

mails with a representative of 9 Xiu's, but didn't ask him for 9 Xiu's current address. *See* ECF No. 55. In response to that order, Facebook identified several reasons for not taking this step, including its concerns that if pushed for more information, 9 Xiu's representative may provide an inaccurate physical address or deactivate his e-mail address. *See* ECF No. 56 at 2–4. These fears are not unfounded, as 9 Xiu has a history of similar conduct. A fake physical address was listed in registration records for several of the websites that 9 Xiu is believed to have run. *See* Hui Supp. Decl. ¶ 10 (explaining that the street address listed in these records is "nonsensical"); *see also* ECF No. 1-12 at 3, 5, 7 (copies of these records). And a number of e-mail addresses believed to have been associated with 9 Xiu have been deactivated since this case began. *See* ECF No. 56-1, Lauridsen Decl. ¶ 2; Mot., ECF No. 49 at 13 n.8.

Nor are Facebook's fears immaterial. If 9 Xiu's representative was to provide an inaccurate address for 9 Xiu, Facebook might not be able to confirm the address's inauthenticity until after China's Ministry of Justice reattempted service. And if history is any indication, it could take the Ministry half a year or more to attempt service. *See* R&R, ECF No. 45 at 4 (noting that it respectively took eight months and one year for the Ministry to notify Facebook that it had attempted to serve 9 Xiu and Zhaoping Liu). In the meantime, 9 Xiu could stay on the move, making it increasingly unlikely that Facebook would be able to find and serve the company. If instead 9 Xiu's representative deactivated his e-mail address, Facebook would be left without any address for, or means of communicating with, 9 Xiu, which would make further attempts to serve 9 Xiu exceedingly difficult.

It wasn't due to a lack of diligence that Facebook didn't ask 9 Xiu's representative for the company's current address. It was a calculated decision, and a reasonable one under the circumstances.[2]

---

[2] That Facebook had strategic reasons for not asking 9 Xiu's representative for 9 Xiu's address distinguishes this case from those in which courts have held that a plaintiff wasn't reasonably diligent in attempting to obtain a defendant's address when the plaintiff was in contact with the defendant or the defendant's attorney but didn't ask for the defendant's current address. *See Progressive Se. Ins. Co. v. J & P Transp.*, No. 11-CV-137, 2011 WL 2672565, at *3 (N.D. Ind. July 8, 2011); *Opella v. Rullan*, No. 10-CV-1134, 2011 WL 2600707, at *6 (S.D. Fla. June 29, 2011), *adopted*, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011); *Kott v. Superior Ct.*, 45 Cal. App.
[continued on next page]

2. Because 9 Xiu's current physical address is unknown, the Hague Service Convention doesn't apply to Facebook's attempts to serve the company. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("This Convention shall not apply where the address of the person to be served with the document is not known."). This in turn means that the Court may authorize service by e-mail, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, if service by that method would be "reasonably calculated, under all the circumstances, to apprise [9 Xiu] of the pendency of the action." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

This standard is satisfied. Facebook seeks to serve 9 Xiu through two e-mail addresses (geeai@qq.com and xubin878@foxmail.com) that remain active and through which Facebook has corresponded with 9 Xiu's representative. *See* ECF No. 49-1, Proposed Order; ECF No. 35-3, Steele Decl. ¶¶ 6–8; Lauridsen Decl. ¶¶ 3–4. As other district courts have held, when a corporate defendant has an active e-mail address, and the plaintiff and the defendant have communicated through that e-mail address, service by e-mail is a means of service that is reasonably calculated to apprise the defendant of the pendency of the action. *See, e.g.*, *Discord, Inc. v. Discord Sound*, No. 19-CV-05824-HSG, 2020 WL 553886, at *2 (N.D. Cal. Feb. 4, 2020); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 15-CV-0246-DOC, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C-06-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).

Because the Hague Service Convention doesn't apply to service of 9 Xiu, and because e-mail service is reasonably calculated to reach 9 Xiu, the undersigned recommends that Judge Tigar grant Facebook's request for permission to serve 9 Xiu by e-mail.

---

4th 1126, 1138–39 (1996). In those cases, no strategy was put forward by the plaintiffs. Instead it appears that the plaintiffs simply forgot or chose not to take advantage of a simple means by which they could try to obtain the defendants' addresses.

3

3. Despite reasonably diligent efforts that Facebook took to find it, Zhaoping Liu's current physical address is also unknown. She wasn't found in any of the Chinese government databases that Facebook's Chinese counsel searched, the contact information listed as hers in website-registration records proved to be erroneous (e.g., the listed phone number was invalid and the listed physical address was fake), and China's Ministry of Justice couldn't find her at an address that Facebook found on 9 Xiu's websites. *See* Hui Supp. Decl. ¶¶ 9–10; ECF No. 54-1, Hui Second Supp. Decl. ¶ 3; ECF No. 40, Ingalls Supp. Decl. ¶ 5 & Exs. 3–4; ECF No. 1-7 at 5; ECF No. 1-8 at 5.

Because Liu's physical address is unknown, the Hague Service Convention doesn't apply to Facebook's attempts to serve her. *See* Hague Conv. art. 1. Which again means that the Court may authorize service by e-mail if service by that method would be "reasonably calculated, under all the circumstances, to apprise [Liu] of the pendency of the action." *Rio*, 284 F.3d at 1016–17 (quoting *Mullane*, 339 U.S. at 314).

Facebook seeks to serve Liu through nine e-mail addresses. *See* ECF No. 49-1. None of the nine identify Liu by name, and Facebook hasn't communicated with Liu through any of them. Facebook also admits that it has received a "large number of bounce back messages" from these e-mail addresses. Lauridsen Decl. ¶ 2. And indeed, Facebook has only confirmed that four of the nine are still active. *See id.* ¶¶ 3–4. Those four may or may not be accessible by Liu.

- 3200369367@qq.com: Someone other than Liu, Shujuan Yang, registered several of the 9 Xiu websites at issue in this case. This particular e-mail address was listed as Yang's in the registration records for those websites. *See* ECF No. 1-12 at 2, 4, 6. As it was listed as Yang's, Yang likely has access to it. But it's unclear why Liu, who registered different 9 Xiu websites, would also have access to it.
- geeai@qq.com and xubin878@foxmail.com: Facebook communicated with 9 Xiu's representative through these two e-mail addresses, *see supra* p. 3. Facebook suggests that Liu may also have access to these e-mail addresses, because she worked at 9 Xiu and registered several of 9 Xiu's websites. This is a speculative contention. No direct connection between Liu and these e-mail addresses has been established.

4

- 493661190@qq.com: This e-mail address was listed in the customer-service section on 9xiufacebook.com, which was one of the websites that Shujuan Yang registered. Next to the e-mail address was a reference to a customer-service contact, identified as "Miss Liu." ECF No. 1-10 at 5 (website screenshot). It's possible that Zhaoping Liu was "Miss Liu," given her affiliation with 9 Xiu and her role in registering some of the company's websites. But 9xiufacebook.com was deactivated over a year ago, *see* Steele Decl. ¶¶ 4–5, and it's uncertain whether Liu still has access to a customer-service e-mail address for what is now a deactivated website.[3]

Facebook hasn't cited to any decision in which a court permitted a plaintiff to serve a defendant by e-mail when, as here, (i) the plaintiff didn't have any contact with the defendant by e-mail, and (ii) the proffered e-mail addresses were deactivated, were not directly connected to the defendant, or were only listed on websites that were subsequently taken down. Nor has Facebook persuasively explained why new ground should be broken in this case.[4]

It's far from certain that e-mail service would reach Zhaoping Liu. So the undersigned concludes that e-mail service is not reasonably calculated to apprise her of this action.

\\

\\

---

[3] The same e-mail address also appeared on several other 9 Xiu websites, although not next to the name Miss Liu. *See* ECF No. 1-6 at 9 (screenshot of 9xiufacebook.net); ECF No. 1-7 at 5 (screenshot of maihaoba.cc); ECF No. 1-8 at 5 (screenshot of myfacebook.cc); ECF No. 1-9 at 4 (screenshot of myhaoba.com). These other websites were also deactivated shortly after this case began, *see* Steele Decl. ¶¶ 4–5, and they remain inactive.

[4] Facebook does suggest that Liu may have received actual notice of this case, as evidenced by the fact that the websites at issue (including the websites that Liu registered) were taken down soon after Chinese media reported on the lawsuit. *See* Steele Decl. ¶¶ 4–5 & Ex. 2; Mot., ECF No. 49 at 6. Whether this temporal connection between the media reports and the website takedowns is enough to prove that Liu received actual notice of the case is an issue that wasn't briefed in detail. But in any event, even assuming that Liu received actual notice, Facebook hasn't explained why actual notice, without formal service of process, would be sufficient to provide this Court with personal jurisdiction over Liu. *See Atkins v. Creighton Elementary Sch. Dist.*, 584 F. App'x 432, 433 (9th Cir. 2014) (noting that under Ninth Circuit precedent, "actual notice is insufficient to confer personal jurisdiction over a defendant if service does not substantially comply with Fed. R. Civ. P. 4" (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986))).

* * *

The record supports that e-mail is a reasonable and appropriate means by which to serve defendant 9 Xiu with process, but it doesn't support the same conclusion as to defendant Zhaoping Liu.  The undersigned thus recommends that Judge Tigar grant Facebook's motion only in part, permitting Facebook to serve 9 Xiu but not Zhaoping Liu by e-mail.

**IT IS SO ORDERED.**

Dated: December 17, 2020

ALEX G. TSE
United States Magistrate Judge