TUCKER ELLIS LLP
David J. Steele - SBN 209797
david.steele@tuckerellis.com
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
Steven E. Lauridsen - SBN 246364
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiffs,
Facebook, Inc. and Instagram, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation and INSTAGRAM, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>9 XIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD. a/k/a JIUXIU NETWORK (SHENZHEN) TECHNOLOGY CO., LTD.;<br>9 XIU FEISHU SCIENCE AND TECHNOLOGY COMPANY LTD.;<br>9 XIUFEI BOOK TECHNOLOGY CO., LTD.;<br>HOME NETWORK (FUJIAN) TECHNOLOGY CO., LTD.;<br>WEI GAO a/k/a GAO WEI;<br>ZHAOCHUN LIU a/k/a/ LIU ZHAOCHUN; and ZHAOPING LIU a/k/a LIU ZHAOPING,<br><br>Defendants. | Case No. 4:19-cv-1167-JST<br><br>**PLAINTIFFS' EIGHTH MOTION TO CONTINUE THE CASE MANAGEMENT CONFERENCE [L.R. 6-1(B)]**<br><br>CURRENT DATE:   January 26, 2021<br>PROPOSED DATE:   April 27, 2021<br><br>TIME:       2:00 p.m.<br>CTRM:      Oakland – 6 – 2nd Floor<br><br>Hon. Jon S. Tigar |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**I.       NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Facebook, Inc. ("Facebook") and Instagram, LLC ("Instagram," and collectively with Facebook, "Plaintiffs") hereby move this Court for an order continuing the case management conference by approximately three months, from January 26, 2021 to April 27, 2021. The basis for this motion is that each of the Defendants resides in the People's Republic of China, and while Plaintiffs have initiated the process to serve Defendants through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Convention"), none of the Defendants have been successfully served to date. Because none of the Defendants have been served with process or appeared in the action, Plaintiffs have not been, and will not be, able to meet and confer with Defendants as required in advance of the case management conference. As a result, the ADR submission and Rule 26(f) report have been submitted unilaterally by Plaintiffs. ECF Nos. 28 & 29.

Additionally, the Court recently granted Plaintiffs leave to serve Defendant 9 Xiu Network (Shenzhen) Technology Co., Ltd. ("9 Xiu") by email (ECF No. 59), and Plaintiffs effected services on 9 Xiu by email on January 8, 2021 (ECF No. 60). Further, the Clerk of Court has entered the default of Defendants Wei Gao a/k/a Gao Wei and ZhaoChun Liu a/k/a Liu ZhaoChun (ECF Nos. 46 & 47).[1] Judicial economy would thus be best served if the case management conference were continued until at least after Defendant 9 Xiu has had the opportunity to appear.[2]

Pursuant to Civil Local Rule 6-3(a)(2), Plaintiffs state they have been unable to meet and confer with Defendants in an effort to obtain a stipulation for the relief sought in this motion because none of them has yet appeared in this action. Still, Plaintiffs' attorneys have attempted to contact Defendants by

---

[1] Default was entered pursuant to Article 15 of the Hague Convention because the Chinese Central Authority did not return any certificate of service for these Defendants within six months after Plaintiffs initiated service.

[2] Based on 9 Xiu's activity to date, Plaintiffs suspect that 9 Xiu will default, at which point Plaintiffs intend to file a motion for default judgment as to all defaulted Defendants. Hearing the motion for default judgment before the case management conference takes place provides another justification to continue the case management conference.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

email requesting that they stipulate to an extension. Declaration of Steven E. Lauridsen ("Lauridsen Decl.") ¶ 2.

This is the eighth request for the extension of any deadline in this action, with the Court having seven times before continued the case management conference while waiting for service to be effected upon Defendants. ECF Nos. 21-22, 24-27, 30-31, 33-34, 42-43, and 51-52. Plaintiffs believe that the extension will have a minimal impact on the schedule for this case given that no scheduling order has yet been entered. Lauridsen Decl. ¶ 3.

## II.   CONTINUING THE CASE MANAGEMENT CONFERENCE IS WARRANTED.

### A.   Plaintiffs' pending service efforts on 9 Xiu moot the need for a case management conference at this time.

The Court recently granted Plaintiffs leave to serve Defendant 9 Xiu with the summons and complaint by email (ECF No. 59), and Plaintiffs did so on January 8, 2021 (ECF No. 60). Plaintiffs respectfully submit that judicial efficiency will be best served by continuing the case management conference until after 9 Xiu has had an opportunity to appear. Further, given Plaintiffs expect 9 Xiu to default based on 9 Xiu's actions to date, allowing Plaintiffs the opportunity to move for default judgment prior to the case management conference would conserve judicial resources.

### B.   The parties and the Court will be best served by complete participation by all parties in the case management conference.

Because none of Defendants (except 9 Xiu) have been served to date and none have otherwise appeared, Plaintiffs cannot meet and confer with respect to any of the myriad issues that must be discussed in advance of the case management conference. Indeed, the parties are required to discuss and attempt to stipulate to an ADR option in advance of the case management conference. The parties are also required to conduct their Rule 26(f) conference, during which time they would prepare a discovery plan, discuss means of evidence preservation, determine any anticipated motions, seek to narrow the issues presented in the action, discuss settlement, and develop a proposed schedule for the Court's review.

Being unable to meet and confer with Defendants regarding these issues essentially defeats the purpose of the conference, as the parties will not have an opportunity to limit any potential disagreements and then bring them to the Court's attention. *See* Fed. R. Civ. P. 26(f) (listing areas for the parties to

1    attempt to reach an agreement); Fed. R. Civ. P. 1 (explaining that rules should be construed and

2    administered to secure just, speedy, and inexpensive determination of action). Accordingly, judicial

3    economy will be best served by postponing the case management conference until Defendants have

4    appeared or have at least been served.

5    **III.    CONCLUSION**

6        The parties are unable to conduct the requisite meetings before the upcoming case management

7    conference, and Plaintiffs therefore respectfully request that the Court continue the conference to

8    April 27, 2021.

9

10   DATED: January 14, 2021                    Tucker Ellis LLP

11

12                                             By: /s/Steven E. Lauridsen
13                                                 David J. Steele
                                                   Howard A. Kroll
                                                   Steven E. Lauridsen

14

15                                             Attorneys for Plaintiffs,
                                               Facebook, Inc. and
16                                             Instagram, LLC

17

18

19

20

21

22

23

24

25

26

27

28

EIGHTH MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE
CASE NO. 4:19-CV-1167-JST

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis